# N. Y. SUPERIOR COURT

THE NATIONAL GASLIGHT COMPANY OF NEW YORK agt.' JAMES O'BRIEN, Sheriff, SILAS C. HERRING, and JAMES R. FLOYD.

The rule is well settled, that a judge granting an order in an action, can, of his own motion, or upon the application of the party aggrieved, vacate the order complained of.

A suit in equity, and an *injunction* granted, restraining the defendants, who are perfectly solvent, from taking possession of personal property, to which they are entitled to the custody, will be dissolved, upon *ex parte* affidavits.

*Special Term, October* 1869.

McCUNN, J.   In this case affidavits have been presented to me (*ex parte*), and upon them I am requested to review my order of injunction granted in this case, without going through the circumlocution of a regular motion.

It seems that the defendants herein sued the plaintiffs in the supreme court, but they there sued them under the name of the National Gas Company, a misnomer.   Herring and Floyd proceeded to judgment and execution, sold the property of these plaintiffs through the sheriff, and bid it in at the request of these plaintiffs, and took possession.

Herring and Floyd, at the request of plaintiffs, having paid to the sheriff the $1,500, now the plaintiffs bring their action in equity, and the only specific relief demanded is that the defendants (Herring and Floyd) return the property in question to the plaintiffs, and that during the pendency of the action they be restrained from parting with it.

The plaintiffs nowhere offer to pay Herring and Floyd the $1,500 they paid the sheriff for the property, nor do they offer to pay them the amount of the judgment or execution

of theirs against it. Parties seeking relief in equity must, on familiar principles, do equity first.

The rule is well settled that a judge, granting an order in an action, can, of his own motion, or upon the application of the party aggrieved, vacate the order complained of. This being the case, I think the affidavits presented require me to vacate the order restraining the defendants, without further ceremony.

The action in fact is a suit in equity to restrain the defendants, who are perfectly solvent, from taking possession of personal property ; and the rule is that such an action will not lie where a remedy at law is within reach of the plaintiff, which is clearly the case here.

The facts contained in the affidavits of both parties establish the fact that the defendants are lawfully in possession of, and are entitled to the custody of the property in question.

The order of injunction must therefore be vacated, but as the application was *ex parte*, it must be without costs.